**LINER FREEDMAN TAITELMAN + COOLEY, LLP**
ATTORNEYS AT LAW
**1801 CENTURY PARK WEST, FIFTH FLOOR**
**LOS ANGELES, CALIFORNIA  90067-6007**
TEL: (310) 201-0005
FAX: (310) 201-0045
E-MAIL:  bfreedman@ftllp.com

October 17, 2024

<u>Via ECF Filing</u>

The Honorable Katherine Polk Failla
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

   Re: *Gloria Gaynor, et al. v. Joel Diamond, et al.*, Case No. 1:24-cv-05690-KPF

Dear Judge Failla:

   We represent Defendants Joel Diamond ("Diamond"), Silver Blue Productions, Ltd. ("SBP"), Silver Blue Music, Ltd. ("SBM"), Silver Blue Records ("SBR"), and Oceans Blue Music Ltd. ("OBM") (collectively, "Defendants").  Pursuant to Rule 4.A of the Court's Individual Rules of Practice in Civil Cases, we respectfully request a pre-motion conference with the Court concerning Defendants' intention to file a motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 12(b)(2), (3) and (6).  As the allegations in the Complaint are objectively meritless, Defendants will seek attorneys' fees and costs pursuant to 17 U.S.C. § 505.

   Initially, SBM, SBR, and OBM should be dismissed as each lacks the capacity to be sued.  These defendants no longer exist as business entities.  Each was dissolved with the New York Department of State decades ago.  SBR was dissolved in September 1990.  SBM and OBM were both dissolved in June 2001.  Courts do not hesitate to dismiss long-dissolved corporations for lack of capacity.  *See Lance Int'l, Inc. v. First Nat'l City Bank*, 86 A.D.3d 479, 927 N.Y.S.2d 56, 58 (1st Dep't 2011); *Next Millenium Realty, LLC v. Adchem Corp.*, 690 F. App'x 710, 716 (2d Cir. 2017).

   This Court should dismiss the action under FRCP, Rule 12(b)(2), as there is no personal jurisdiction over Diamond, a California resident domiciled in Los Angeles County. In diversity and federal question cases, personal jurisdiction is determined by the law of the forum state. *Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir. 1996). "There are two ways that New York exercises personal jurisdiction over non-residents: general jurisdiction pursuant to [New York Civil Practice Law and Rules ("CPLR") 301] ... or specific jurisdiction pursuant to [CPLR 302]." *Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792, 798 (S.D.N.Y. 2015). Here, under both of New York state law's provisions, this Court lacks personal jurisdiction over Diamond.  Pursuant to N.Y. C.P.L.R. § 301, Diamond is subject to personal jurisdiction only if he is domiciled in New York, served with process in New York, or continuously and systematically did business in New York.  *Jonas v. Est. of Leven*, 116 F. Supp. 3d 314, 323 (S.D.N.Y. 2015).  None of these circumstances exist here. As such, no personal jurisdiction exists over Diamond under N.Y. C.P.L.R. section 301. Similarly, under N.Y. C.P.L.R. § 302(a), New York's long-arm statute, personal jurisdiction exists if Diamond "transacts any

Hon. Katherine Polk Failla
October 17, 2024
Page 2

business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1). Here, there is no evidence or allegation that Mr. Diamond regularly transacted business in New York, as he did not. "[A]n individual 'cannot be subject to jurisdiction under CPLR § 301 unless he is doing business in New York as an individual rather than on behalf of a corporation.'" *Wallace Church & Co. Inc. v. Wyattzier, LLC*, 2020 WL 4369850, at *5 (S.D.N.Y. July 30, 2020).

Additionally, the Complaint should be dismissed under FRCP, Rule 12(b)(3), because Plaintiffs' choice of venue is wholly improper. Here, none of the events or omissions giving rise to the purported claims occurred in New York. Plaintiffs are residents of New Jersey and California. Further, the underlying events allegedly occurred in California, where Diamond has resided for decades. As such, dismissal of the Complaint is warranted. *See Spar, Inc. v. Info. Res., Inc*., 956 F.2d 392, 394 (2d Cir. 1992) (dismissal proper because transfer would "reward [plaintiffs] for their lack of diligence in choosing a proper forum" and allow them to "bargain hunt" for forums after commencing an action). Defendants will alternatively move to transfer or change venue to the Central District of California pursuant to 28 U.S.C. § 1406(a) and 28 U.S.C. § 1404(a). The contracts attached to the Complaint contain a mandatory forum selection clause, requiring any action to be filed in "the State or Federal Courts situated in Los Angeles County[.]" *See* ECF No. 1-1 at p. 10; ECF No. 1-2 at p. 5.

Plaintiffs' first cause of action for breach of contract should be dismissed for failure to state a claim on which relief can be granted. "New York law and the *Twombly-Iqbal* standard of federal pleading require a complaint to identify, in non-conclusory fashion, the specific terms of the contract that a defendant has breached. Otherwise, the complaint must be dismissed.' " *Wallert v. Atlan*, 141 F. Supp. 3d 258, 286 (S.D.N.Y. 2015) (quoting *Spinelli v. Nat'l Football League*, 96 F. Supp. 3d 81, 131 (S.D.N.Y. 2015)); *Noakes v. Syracuse Univ.*, 369 F. Supp. 3d 397, 418 (N.D.N.Y. 2019) ("To state a valid claim for breach of contract, a plaintiff must state when and how the defendant breached *the specific contractual promise*."). Additionally, the first cause of action is barred by the applicable statute of limitations. As vague as the allegations are, Plaintiffs contend that the underlying agreements were breached in 1983, in the case of Gloria Gaynor, and in 2000 and 2001 in the case of Robin Randall. Such claims are long since time-barred. *See* N.Y. C.P.L.R. § 213(2).

Plaintiffs' second cause of action for "declaratory judgment for termination and rescission" should be dismissed, on independent grounds, as time-barred. Under New York law, "a cause of action for rescission of a contract is governed by the six-year Statute of Limitations." *Hoffman v. Cannone*, 206 A.D.2d 740, 740, 614 N.Y.S.2d 799, 800 (1994). The underlying contracts were entered into decades ago, and any claim for rescission has long since expired. *Bowes & Co. of New York v. Am. Druggists' Ins. Co*., 96 A.D.2d 1023, 1024, 467 N.Y.S.2d 202, 203 (1983) (rescission claim accrues from effective date of contract). The federal Declaratory Judgment Act may not be used to revive a time-barred claim. *118 E. 60th Owners, Inc. v. Bonner Properties, Inc*., 677 F.2d 200, 204 (2d Cir. 1982).

With respect to the third cause of action for breach of fiduciary duty, Plaintiffs' claims are barred by the economic loss doctrine, which precludes a plaintiff from pursuing a tort claim arising from what is also an alleged breach of contract. *Blackrock Core Bond Portfolio v. U.S. Bank N.A.¸* 165 F. Supp. 3d 80, 106 (S.D.N.Y. 2016). Plaintiffs have further failed to allege the existence of a fiduciary relationship. The allegations of a long business relationship are insufficient to establish a fiduciary relationship as a matter of law. *See Murphy v. Kuhn*, 90 N.Y.2d 266, 269-71 (1997) (20-year business relationship

Hon. Katherine Polk Failla
October 17, 2024
Page 3

between parties insufficient to give rise to fiduciary relationship).  Finally, the third cause of action is time-barred.  *Ciccone v. Hersh*, 530 F. Supp. 2d 574, 579 (S.D.N.Y. 2008) (three-year statute of limitations for breach of fiduciary duty begins to accrue at date of breach).

Plaintiffs' fourth cause of action for fraud fails on several grounds.  Initially, the fraud is not pleaded with the requisite particularity.  "In order to comply with [FRCP] 9(b), the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir.2006).  Second, Plaintiffs lack standing to assert their fraud claim, as the alleged conduct was directed at long deceased non-party Judithe Randall – not either of the Plaintiffs.  *Kuitersv. Kukulka,* 57A.D.3d 1469, 1469, 871 N.Y.S.2d 538 (4th Dep't 2008).  Third, the fraud claim is barred by the statute of limitations.  The alleged events occurred in the years 2000 and 2001 – over two decades ago.  Under New York law, the statute of limitations for fraud is six years. *Dybowski v. Dybowska*, 146 A.D.2d 604, 605, 536 N.Y.S.2d 838, 839 (1989).

The fifth cause of action for copyright infringement should be dismissed.  The Copyright Act provides that only the legal or beneficial owner of an exclusive right under a copyright has standing to pursue an infringement action. See 17 U.S.C. § 501(b). The Second Circuit has confirmed that under Section 501(b), only the actual or beneficial owners of the copyright or those who have been granted exclusive licenses by the owners of the copyright have standing to sue for copyright infringement. *Conner v. Israel*, 732 F.2d 267, 270-271 (2d Cir. 1984).  Gloria Gaynor is not the registered claimant (owner) of any of the copyrights listed in the Complaint.  ECF No. 5-5.  The copyrights Robin Randall seeks to sue on were assigned to SBP over twenty years ago. *Contractual Obligation Productions, LLC v. AMC Networks, Inc.*, 2006 WL 6217754, at *5 (S.D.N.Y. Mar. 31, 2006) ("An assignor of a copyright has no standing to sue for acts of infringement which occurred after execution of the assignment.").

Finally, the sixth cause of action for accounting/unjust enrichment should be dismissed because it is contingent upon the breach of contract and fraud claims, both of which are subject to dismissal for the reasons set forth above. *See Pons v. People's Republic of China*, 666 F. Supp. 2d 406, 415 (S.D.N.Y. 2009).  With respect to unjust enrichment, Plaintiffs fail to plead the essential elements of the claim. *Labajo v. Best Buy Stores, L.P.*, 478 F. Supp. 2d 523, 531 (S.D.N.Y. 2007). The unjust enrichment claim is similarly duplicative of Plaintiffs' breach of contract claim. *See Kamdem-Ouaffo v. PepsiCo., Inc.*, 160 F. Supp. 3d 553, 568 (S.D.N.Y. 2016).  This claim is likewise time-barred.

Defendants reserve their rights to make such other and further arguments as may become apparent during their preparation of the dismissal motion.  For the foregoing reasons, Defendants respectfully request a pre-motion conference.  Plaintiffs' counsel does not oppose Defendants' request for a pre-filing conference, but will oppose any motion to dismiss.  Pursuant to Rule 4.A of the Court's Individual Rules of Practice in Civil Cases, Defendants' deadline to respond to the Complaint is stayed until the Court has ruled on the instant letter motion.

Respectfully submitted,

*/S/ Bryan J. Freedman*

Bryan J. Freedman