UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-07837-SVW-AS | Date | August 7, 2026 |
| Title | *Gloria Gaynor et al v. Joel Diamond et al* | | |

| | |
|---|---|
| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |

| | |
|---|---|
| Daniel Tamayo | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [78]

In a comprehensive order, issued June 10, 2026, the Court addressed Plaintiffs' Second Amended Complaint ("SAC"). ECF No. 74. In that order, granting in part a motion to dismiss, only three claims survived as pleaded: (1) Plaintiff Robin Randall's copyright infringement claim, (2) Gloria Gaynor's breach of contract claim, and (3) Plaintiff Gaynor's unjust enrichment claim. *See id.* For many of the dismissed causes of action, the Court granted Plaintiffs leave to amend. *See id.* However, Plaintiffs' Third Amended Complaint ("TAC"), filed June 24, 2026, seeks to re-plead only two of the dismissed causes of action: Gaynor's claims for (1) misrepresentation and (2) accounting. The Court addresses each in turn.

The alleged misrepresentation pleaded with some particularity by Plaintiff Gaynor in the TAC is that in March and April 2019, Defendant Diamond represented to Gaynor that Defendant had not earned any money from exploiting Plaintiff Gaynor's music, supporting this representation with a Sony Music royalty statement ending in 2018. TAC, ECF No. 76 ¶ 42. Plaintiff Gaynor now alleges that she believed Defendant's representation at the time, and it was not until 2022, when Gaynor learned from a "third party with personal knowledge" that Diamond *had* received remuneration for exploiting her work that Gaynor stopped relying on Defendant's representation. *Id.* ¶ 102. Plaintiff alleges that during this period, Gaynor

:

Initials of Preparer DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-07837-SVW-AS | Date | August 7, 2026 |
| Title | *Gloria Gaynor et al v. Joel Diamond et al* | | |

actually and justifiably relied on Defendant's misrepresentation by "standing by for the agreement [Defendant] said he would retrieve, and for the requested historical royalty statements requested by Gaynor's manager, rather than immediately commencing litigation, pursuing an audit, or seeking judicial relief." *Id.* at ¶ 101. The damage allegedly resulting from this three-year period of reliance is that Plaintiff's recovery of royalties was delayed and Plaintiff incurred "costs and expenses." *Id.* at ¶ 103.

*First*, the Court notes that Plaintiff Gaynor did not follow the Court's instructions in its prior order allowing leave to amend. When the Court dismissed the misrepresentation claim in the SAC, it found a failure to plausibly allege "that Gaynor ever detrimentally relied on Diamond's alleged misrepresentations" and accordingly provided leave to amend to allege such facts. The manifest intention of the Court was to allow amendment to add facts that would plausibly lead to an inference of reliance *on the misrepresentations alleged*. In the SAC, there were three such alleged misrepresentations: (1) that Diamond co-wrote the song "More than Enough"; (2) that Defendant SB Productions owns the masters to several of Gaynor's songs, which are held by SONY; and (3) that Defendant SB Productions holds the publishing rights to Randall's [sic] songs. SAC, ECF No. 62 ¶ 126. However, Gaynor did not comply with this instruction and did not allege new facts related to reliance on these misrepresentations. Instead, Plaintiff Gaynor endeavored to allege an entirely *newly-pled* misrepresentation in her third amended complaint.

*Second*, notwithstanding Plaintiff Gaynor's unauthorized amendment, the Court concludes that Gaynor has failed to plausibly allege actual and justifiable reliance on this newly pled misrepresentation because the allegations are functionally contradicted by pleadings in the prior complaint. *See Smith v. Sabre Corp.* 2018 WL 11420538, at *3 fn 1 (C.D. Cal.) ("While a district court must accept a plaintiff's allegations as true in ruling on a motion to dismiss, it need not accept these allegations where they contradict what was alleged in a prior Complaint.") (citing *Adams v. United of Omaha Life Ins. Co.*, 2013 WL 12113225, at *3 (C.D. Cal.); *McKenna v. WhisperText*, 2015 WL 5264750, at *3 (N.D. Cal.)). Here, Plaintiff's allegation relies on the Court accepting as true that between 2019 and 2022, Plaintiff Gaynor believed that Defendant Diamond had made no money exploiting Plaintiff's musical work. However, in the prior complaint, Gaynor alleged that Gaynor has repeatedly requested payment from Defendant for

:

Initials of Preparer DTA

years for "multiple recording, publishing, synchronization, streaming, and other licensing agreements concerning Plaintiffs' works" and that specifically, in February 2019, Defendant SB Productions licensed Gaynor's song "I Am What I Am" for use in a Peugeot commercial without paying Gaynor. SAC, ¶¶ 43, 48.

These prior allegations are inconsistent with Gaynor's amended pleadings. In the new complaint, Gaynor omits mention of the February 2019 Peugot commercial, alleging now without context only that in February 2019, Gaynor's manager and attorney were in email correspondence about Diamond's use of the song, "I Am What I Am." Then, regarding the years during which Plaintiff Gaynor was allegedly requesting payment from Defendant for his various exploitations of her work, Gaynor still makes the allegation in the amended complaint but now *adds* that she first learned that Defendant had received payments related to Gaynor's works in 2022, from an undisclosed third party. SAC ¶ 44, 55. Nowhere in the TAC does Gaynor reconcile the contradiction of how or why she could or would have requested compensation for commercial exploitation she had not yet learned about. In the context of the complaint itself and Plaintiff's pleading history, it is therefore not plausibly alleged that Gaynor did not realize Defendant Diamond was commercially exploiting her work until 2022. Therefore, the allegation that between 2019 and 2022, Gaynor relied on Diamond's representation that he had made no money exploiting her work fails as a matter of law.

The Court briefly addresses an ambiguity in the amended pleading—that the newly-pled misrepresentation is *not* that Defendant Diamond had made no money exploiting Gaynor's work, but merely that Gaynor was not owed *royalties* on whatever he had made. However, interpreted thus, the allegation would be even more implausible. The entire theory of Plaintiff Gaynor's case is based on her recollection of the terms of her contract with Defendant Diamond that entitled Gaynor to perpetual royalties for exploitation of her work. In that context, it is implausible that Plaintiff Gaynor believed Diamond when he represented that no royalties were owed. In all, regardless of how the TAC is interpreted, Gaynor has again failed to state a claim for misrepresentation as a matter of law. Moreover,

:

Initials of Preparer DTA

in light of the failure to state a claim after four complaints, it is proper for the Court to dismiss the cause of action with prejudice.[1]

The Court also briefly addresses Plaintiff Gaynor's accounting claim. As discussed in the prior order to dismiss, to bring a stand-alone accounting claim, a party must plausibly plead a fiduciary relationship. Plaintiff Gaynor was permitted to amend the pleading for the limited purpose of alleging a fiduciary relationship. However, Gaynor has made no such amendments, and the claim therefore fails as a matter of law. Moreover, in light of the failure to state a claim after four complaints, it is proper for the Court to dismiss the cause of action with prejudice.

**Conclusion**

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's Third Amended Complaint is granted to the extent that it refers to Plaintiff's third and fifth causes of action. TAC ¶¶ 99-104; 115-120. Accordingly, Plaintiff Gaynor's claims for misrepresentation and accounting are DISMISSED WITH PREJUDICE. Defendant's motion is denied to the extent that the case will move forward on the three remaining causes of action: (1) Randall's claim for copyright infringement; (2) Gaynor's claim for breach of contract; and (3) Gaynor's claim for accounting. Defendants are ORDERED to answer the third amended complaint as to these surviving causes of action within 14 days of this Order.

**IT IS SO ORDERED.**

[1] The Court notes that Gaynor has also attempted to amend the misrepresentation claim to add a new cause of action under California's Unfair Competition Law. This far exceeds the leave to amend granted by the Court in its prior order, so the Court dismisses this claim without prejudice and without reaching the merits.

:

Initials of Preparer DTA